IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: SUBPOENA ISSUED IN THE MATTER OF KYLE LAYER, *et al*., | ) | |
| Plaintiffs, | ) | |
| vs. | ) | MISC. CASE NO. 26-0005-KD-MU |
| STATE FARM FIRE AND CASUALTY COMPANY, *et al*., | ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on Defendant State Farm Fire and Casualty Company's motion to quash a subpoena duces tecum directed to a non-party that has its principal place of business in this District (Doc. 1) and Plaintiffs' motion to compel the non-party's compliance with the subpoena. (Doc. 5). The motions have been referred to the undersigned for disposition. For the reasons stated below, both motions are **DENIED.**

**STATUS OF PROCEEDINGS**

State Farm's motion to quash arises from a non-party subpoena for documents that Plaintiffs issued to non-party Pilot Catastrophe Services ("Pilot") in a currently pending action they filed against State Farm and other defendants in the Northern District of Oklahoma, entitled *Layer v. State Farm Fire and Casualty*, No. 25-cv-401 (N.D. Okla). (Doc. 1-3). Pilot, an independent third-party claims handling firm, assisted State Farm with the handling of Plaintiffs' insurance claim, which is the subject of the pending Oklahoma action. (Doc. 1-5, Page ID. 175; Doc. 1, PageID. 3). Pilot is located

in Mobile, Alabama; therefore, the subpoena requires compliance in Mobile. (Doc. 1-3, PageID. 46). Because there was some indication that the subpoena may not have been served on Pilot, the Court, in addition to ordering the standard response and reply briefs to State Farm's motion (Doc. 3), also ordered Plaintiffs to file proof of service of the subpoena on Pilot and ordered both parties to provide copies of the motions and briefs filed in this matter to Pilot. (Doc. 7). The Court also requested that Pilot file a written statement of its position on the motions with the Court. (*Id*.).

On June 26, 2026, Plaintiffs filed what they denominated "Proof of Service of Plaintiffs' Subpoena Duces Tecum on Pilot Catastrophe Services." (Doc. 9). This "proof of service" was a USPS green card showing that an "article" was addressed to Pilot Catastrophe Services, 1055 Hillcrest Road, Mobile, AL 36695-3957 and purportedly signed for by "Lisa Martin" on April 20, 2026. In the written statement of its position, Pilot stated that neither its in-house legal department nor the outside counsel who signed the statement were aware of service of a subpoena in the underlying case pending in federal court in Oklahoma. (Doc. 11, PageID. 272). Upon outside counsel's review of PACER on July 12, 2026, he saw the above "proof of service" that was filed in this matter and determined that Lisa Martin works in Pilot's accounting department and is not a person designated to accept service of subpoenas. (*Id*., PageID. 273). At the time of filing, counsel had not determined what had happened to the subpoena but confirmed that in-house counsel never received it. (*Id*.).

## **LEGAL ANALYSIS**

Rule 45(b)(1) of the Federal Rules of Civil Procedure provides that "[a]ny person

who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person....” “Although the Eleventh Circuit has not squarely addressed whether personal service is required by Rule 45, the majority position of the courts in this circuit is that personal service is required.” *Hill v. Todd A. Ruck, Inc.*, Civ. A. File No. 1:20-CV-03834-SJC, 2021 WL 9032375, at *1 (N.D. Ga. Oct. 13, 2021) (holding that certified mail does not satisfy the Rule 45 personal service requirement) and cases cited therein. Moreover, this district has concluded that “sending the subpoena to [the non-party] by certified mail does not constitute ‘delivering’ the subpoena under Rule 45(b)(1).” *McCaskill v. 13th Judicial Circuit Court of Alabama,* Civ. A. No. 1:22-00250-TFM-N, 2024 WL 3468798, at *2 (S.D. Ala. Apr. 3, 2024). This Court agrees that the plain language of Rule 45(b)(1) forecloses service of a non-party subpoena by certified mail. Accordingly, the Court finds that the subpoena at issue here has not been properly served on Pilot.

## CONCLUSION

For these reasons, Plaintiff’s motion to compel non-party Pilot Catastrophe Services to comply with the non-party subpoena is **DENIED** because it has not been properly served on Pilot. Because there has been no service of the subpoena, State Farm’s motion to quash the subpoena is premature and, therefore, **DENIED**.

**DONE** and **ORDERED** this the 21st day of August, 2026.

s/P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**